**ZHEN ZHU DONG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States**

**430**

Attorney General,* Respondent.

No. 08–3286–ag.

United States Court of Appeals,
Second Circuit.

Feb. 10, 2009.

John Chang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; John W. Blakeley, Senior Litigation Counsel; Jessica Segall, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhen Zhu Dong, a native and citizen of the People's Republic of China, seeks review of the June 10, 2008 order of the BIA, which denied her motion to reopen. *In re Zhen Zhu Dong,* No. A77 122 672 (B.I.A. Jun. 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, we find that the BIA did not abuse its discretion in denying Dong's motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2).

In a situation where ineffective assistance of counsel prevents an alien from presenting her claim, the filing deadline for motions to reopen may be equitably tolled. *Cekic v. INS,* 435 F.3d 167, 171 (2d Cir.2006). In order to warrant equitable tolling, an alien is required to demonstrate "due diligence" in pursuing her claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey,* 533 F.3d 127, 132 (2d Cir.2008). We have noted that "there is no period of time which

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

we can say is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling-or, for that matter, any period of time that is *per se* reasonable." *Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir.2007).

We find no abuse of discretion in the BIA's conclusion that Dong failed to exercise due diligence where she did not take any action in her proceedings between August 2003 and early 2008. *See id.* Dong's only argument as to diligence is her bare assertion that she "pursued the matter diligently by retaining further counsel to file this motion after she learned of the ineffective assistance[.]" She does not explain what steps she took in more than four years she seeks to toll and is arguably insufficient to merit consideration. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Accordingly, the BIA's due diligence finding was not in error.

As a final matter, Dong has abandoned any challenge to the agency's finding that she did not demonstrate changed country conditions as well as its refusal to reopen her proceedings *sua sponte. See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.